*In re* Reglas de Evidencia

Adoptadas: 9 de febrero de 1979

RESOLUCIÓN

El Tribunal Supremo, de conformidad con las disposiciones de la Sec. 6 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, por la presente adopta las Reglas de Evidencia que habrá de someter a la Asamblea Legislativa al comienzo de la presente sesión ordinaria.

Lo acordó el Tribunal y lo certifica el señor Secretario.

(Fdo.) Ernesto L. Chiesa

*Secretario General*

—0—

Voto particular del Juez Asociado Señor Irizarry Yunqué en relación con la Regla 46 del Proyecto de Reglas de Evidencia.

San Juan, Puerto Rico, a 14 de febrero de 1979

Considero que el proyecto de Reglas de Evidencia que ha adoptado este Tribunal, de ser aprobado por la Asamblea Legislativa, constituirá un gran paso de avance en nuestra legislación procesal. La vigente Ley de Evidencia, que rige en Puerto Rico desde principios de este siglo, no responde a las necesidades de nuestro tiempo y constituye en muchas de sus disposiciones un obstáculo en vez de un vehículo adecuado para el descubrimiento de la verdad. Las jurisdicciones estatales norteamericanas y la jurisdicción federal, han adoptado legislación o reglas de evidencia que al presente las colocan en posición de avanzada en este campo. No hay razón para que en Puerto Rico nos sigamos rigiendo por una ley de evidencia arcaica, y que nos mantengamos a la zaga del progreso habido en este campo.

Este Tribunal ha adoptado, con muy pocas variaciones, las vigentes Reglas Federales de Evidencia de 1975. La alternativa que consideró incluía el Código de Evidencia de California que rige desde el 1967. Como es sabido, nuestra Ley de Evidencia vigente se copió de la de California que regía para el 1905. Esa vinculación histórica hacía forzoso examinar el actual ordenamiento californiano y así hicimos. Considero, sin embargo, un gran acierto seguir las Reglas Federales que son, sin duda, más flexibles que el Código de California, y que además darán mayor uniformidad al Derecho probatorio en Puerto Rico pues nuestros abogados que postulan en la jurisdicción federal, además de la estatal nuestra, no tendrán que invocar disposiciones distintas ni acudir a precedentes diversos en esta materia.

La adopción de las Reglas Federales, sin embargo, no es camisa de fuerza que nos impida hacer cambios allí donde nos parezca que podemos mejorarlas. El caso de la Regla 46 es un aspecto en que a mi juicio debió hacerse un cambio.

Aún está húmeda la tinta en *Pueblo* v. *Alvarez Rosario*, opinión de este Tribunal de 30 de noviembre de 1978, 108 D.P.R. 112. Cuando decidimos este caso, tomamos en consideración las Reglas Federales y en particular la 609 que trata de la impugnación de testigos. Por mayoría de cinco a tres decidió este Tribunal adoptar una norma que consideró más adecuada que la de la Regla 609 federal. La norma de *Alvarez Rosario* se adoptó en atención a los graves problemas que discutimos en *Pueblo* v. *Padilla Arroyo*, 104 D.P.R. 103 (1975), cuando, so pretexto de impugnar la credibilidad de un testigo que es a su vez el acusado en un caso criminal, se permitía que se produjese prueba de previas convicciones de dicho testigo que nada tienen que ver con el aspecto de su credibilidad. El efecto de la norma imperante antes de *Alvarez Rosario* era impedir que un acusado ocupara la silla testifical y declarara en su propio caso si había sido convicto antes de algún delito grave. Esa norma establecía, a mi juicio, una distinción absurda en cuanto a admisibilidad de prueba de impugnación basada a su vez en la distinción entre delitos graves y menos graves.

Todos sabemos que la comisión de un delito grave depende las más de las veces del resultado del hecho delictivo y no de su intención. Veamos algunos ejemplos. Quien agrede a otro haciendo uso de una cuchilla, comete agresión agravada, que es un delito menos grave. Pero si esa agresión produce una herida desfigurante, por ese efecto el delito se convierte en mutilación, que es grave. Bajo la norma imperante antes de *Alvarez Rosario*, el efecto de la desfiguración convierte al agresor en una persona mendaz. No se le debe creer. De igual manera, si una persona se apropia ilegalmente de un objeto perteneciente a otro, cuyo valor sea $199.00, comete apropia-

ción ilegal, delito menos grave. Si por casualidad el valor del objeto es un dólar más ($200.00), la apropiación es agravada, delito grave. Véase 33 L.P.R.A. secs. 4271 y 4272. La convicción por hurtar $200.00 hacía al testigo indigno de crédito y prueba de ello era admisible para impugnar su credibilidad. Por un dólar menos se hacía digno de credibilidad.

La Regla 609 federal, que el proyecto de Reglas de Evidencia adopta sin cambio alguno, seguirá permitiendo que se impugne a un testigo con prueba de previas convicciones por delitos considerados graves como son la mutilación y la apropiación ilegal agravada. Si el testigo es el acusado, no hay duda que el propósito de tal prueba se desvirtúa.

Veamos un ejemplo de cómo bajo la Regla 609 federal se puede frustrar el objetivo de hacer justicia. Supongamos que una pareja de novios se excede en sus caricias y tiene relaciones sexuales. La muchacha no ha cumplido catorce años. El muchacho es considerado como adulto. Ha cometido el delito de violación, dada la edad de la muchacha. 33 L.P.R.A. sec. 4061(a). Se le acusa, acepta los hechos, y es convicto y sentenciado. Extinguida la pena que le fuere impuesta, el mismo joven es acusado luego por otra mujer de haberla violado. El hombre es inocente, pero se le acusa. En ese segundo proceso, si ocupa la silla testifical a su favor, se expone a que el fiscal pruebe la previa convicción, so pretexto de impugnar su credibilidad. Fue veraz cuando aceptó los hechos del primer caso. Es veraz al negar la falsa acusación del segundo caso. Pero su veracidad del primero se convierte en argumento de que es mendaz para el segundo. Sería cándido negar que la prueba de la primera convicción no tenga un efecto devastador sobre el acusado en el segundo caso, sobre todo en juicio ante jurado.

La norma de *Alvarez Rosario* elimina estas sutilezas clasificatorias y permite que la prueba de previas convicciones admisible para la impugnación de un testigo sea aquella que

tenga pertinencia con el aspecto de credibilidad, sin importar la clasificación del delito anterior. Esa es la norma que este Tribunal consideró más justa y más humana en *Pueblo* v. *Alvarez Rosario*, supra, *Pueblo* v. *Dones*, 102 D.P.R. 118 (1974) y *Pueblo* v. *Padilla Arroyo*, ya citado. La profesión, los jueces, los estudiantes de Derecho, y todas la personas que nos leen se preguntarán por qué, al adoptar este Proyecto de Reglas, se aparta este Tribunal de dicha norma. No creo que haya explicación racional alguna. Quizás se tema que la Asamblea Legislativa no considere favorablemente el Proyecto de Reglas si se cambia alguna que otra regla federal. Quien así piense, probablemente no tenga mucha fe en la sensibilidad legislativa.

Adoptaría la Regla 46 como fuera redactada y sometida a este Tribunal, siguiendo a *Dones* y a *Alvarez Rosario*. Dicha redacción y su comentario incluido originalmente, son como sigue:

*"REGLA 46—Convicción por delito*

(A) Sujeto a lo establecido en el inciso (B) de esta regla, es admisible, con el propósito de impugnar la credibilidad de un testigo, evidencia de que éste ha sido convicto de delito, si tal convicción es aceptada por el testigo o establecida mediante récord público, pero únicamente si el delito, independientemente de su clasificación, envuelve deshonestidad o falso testimonio.

(B) Es inadmisible contra un acusado para impugnar su credibilidad, evidencia de convicciones previas a menos que se determine por el juez, en ausencia del jurado, si lo hubiere, que su valor probatorio, considerando todos los hechos y circunstancias del caso, es sustancialmente mayor que su efecto perjudicial.

(C) No es admisible, con el propósito de impugnar la credibilidad de un testigo, evidencia de convicción previa si dicha convicción es remota. Debe considerarse remota toda convicción que a la fecha del juicio tuviere más de diez (10) años, o si hubieren transcurrido más de diez (10) años de la fecha de excarcelación del testigo de la reclusión impuesta por tal convicción, lo que fuere posterior.

(D) Evidencia de convicción no es admisible bajo esta regla si la convicción ha sido objeto de indulto, perdón, anulación o su equivalente, a base de una determinación de inocencia o rehabilitación.

(E) Evidencia de una determinación de que un menor ha incurrido en falta no es generalmente admisible para impugnar la credibilidad de un testigo. Pero en una causa criminal y discrecionalmente, el tribunal puede admitir evidencia de una determinación de falta en un procedimiento de menores, cuando se ofrece contra un testigo que no sea el acusado, siempre que una convicción por el delito correspondiente hubiera sido admisible para impugnar la credibilidad de un adulto, y el tribunal considera que la admisión es necesaria para una justa determinación en cuanto a la culpabilidad del acusado.

(F) Evidencia de una convicción no es inadmisible por el hecho de hallarse pendiente una apelación de la misma, pero es admisible evidencia de la pendencia de la apelación.

## Comentarios

La regla de impugnación de testigos mediante evidencia de convicción por delito altera lo dispuesto en el Artículo 520 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2150). Ya la jurisprudencia había alterado la norma de la Ley de Evidencia, pues adoptó una doctrina más racional en *Pueblo* v. *Dones,* 102 D.P.R. 118 (1974). En ese caso se estableció que, a los fines de impugnar la veracidad de un testigo, debe admitirse evidencia de convicción del testigo por cualquier delito que, sin importar su calificación, implique deshonestidad o perjurio. En *Dones* no quedó perfectamente claro si la convicción por delito grave sería inadmisible si el delito no fuera referente a la veracidad o mendacidad del testigo; lo dicho allí pudo ser considerado un *dictum.* Recientemente el Tribunal Supremo tuvo oportunidad de esclarecer esta cuestión en el caso de *Pueblo* v. *Alvarez Rosario,* 78 JTS 104 (1978). En dicho caso se adopta la norma que ha quedado plasmada en los incisos (A), (B) y (C) de esta regla. En general, se establece que la admisibilidad de evidencia de convicciones previas está condicionada a que el delito en cuestión implique deshonestidad o falso testimonio. Esta condición es un corolario de los principios de pertinencia, pues sería impertinente para impugnar veracidad, evidencia de la convicción por delito cuando éste no tiene que ver con veracidad o mendacidad.

Siguiendo lo resuelto en *Alvarez Rosario*, en el inciso (B) se toma una medida especial para el caso en que la impugnación sea contra el acusado en una causa criminal. La situación es en verdad especial, pues existe un peligro, particularmente en casos por jurado, de que la evidencia de convicción no sólo pese en el ánimo del juzgador a los fines de impugnación de la veracidad del acusado, sino que sirve como elemento importante al momento de determinarse la culpabilidad o inocencia del acusado.

Aunque el inciso (B) se refiere específicamente a la impugnación de acusados, puede sostenerse que el mismo resultado se obtiene en relación a impugnación de testigos en general, pues el tribunal, a su discreción, podría valerse de la Regla 19 para excluir la evidencia de convicción previa a base de los factores señalados en dicha regla.

En el inciso (C) se establece límite al tiempo que debe haber transcurrido entre la convicción y la impugnación mediante ésta; esto está fundado en razones de pertinencia y de política pública. A mayor tiempo transcurrido, menos pertinencia. Por otro lado, no establecer límites de tiempo sería ignorar la rehabilitación posible del testigo.

En el inciso (D) se establece que la convicción no debe haber sido objeto de perdón o indulto a base de inocencia o rehabilitación. Dada la presunción de corrección de los procedimientos en los tribunales de primera instancia, se establece, en el inciso (E), que la pendencia de una apelación no hace inadmisible la convicción a los fines de impugnación. Finalmente, por razones de política pública, más que de pertinencia o confiabilidad, se excluyen las determinaciones en casos de menores, salvo que, a discreción del tribunal, se admitiría la evidencia contra un testigo que no sea el acusado. Además de que técnicamente no se trata en estos casos de "delitos" sino de "faltas", las razones de pertinencia para la impugnación de credibilidad ceden ante consideraciones de política en torno al tratamiento de asuntos de menores.

*Disposiciones Similares o Relacionadas*

Regla 609, Reglas Federales de Evidencia de 1975
Regla 609, Reglas Uniformes de Evidencia de 1974
Sección 788, Código de Evidencia de California de 1965
Regla 106, Proyecto de Reglas de Evidencia de Puerto Rico de 1958
Regla 106, Código Modelo de ALI de 1942

"Regla 21, Reglas Uniformes de Evidencia de 1953 32 L.P.R.A. sec. 2150."

En aras de la brevedad, y para no repetir los fundamentos expuestos en los casos de *Dones, Padilla Arroyo* y *Alvarez Rosario,* incluyo con este escrito copia de las opiniones de este Tribunal en cada uno de dichos casos.